IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-50573
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY DON LEE,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CR-167-4
- - - - - - - - - -
August 1, 1997

Before JONES, SMITH, and STEWART, Circuit Judges:

PER CURIAM:[*]

Jeffrey Don Lee appeals from a judgment of conviction and sentence following a guilty plea for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Lee argues that 1) the Government breached the plea agreement by failing to give him an opportunity to provide substantial assistance and in failing to move for a downward departure pursuant to U.S.S.G. § 5K1.1, p.s.; 2) his counsel was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ineffective; 3) the waiver-of-appeal provision in the plea agreement is invalid; 4) he should have received a reduction in his sentence for acceptance of responsibility and for being a minor participant; 5) the district court erred in imposing a $15,000 fine; 6) the district court miscalculated his criminal history points; and 7) section 841(a)(1) exceeds Congress' authority under the Commerce Clause.

Lee has not demonstrated facts which, by a preponderance of the evidence, support the conclusion that the Government breached the plea agreement by refusing to move for a § 5K1.1 downward departure and for failing to give him an opportunity to provide substantial assistance.  <u>United States v. Price</u>, 95 F.3d 364, 367 (5th Cir. 1996); <u>United States v. Wittie</u>, 25 F.3d 250, 262 (5th Cir. 1994).

"The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations."  <u>United States v. Higdon</u>, 832 F.2d 312, 313-14 (5th Cir. 1987).  Because the record is not developed on the merits of Lee's ineffective-assistance-of-counsel claims, this court declines to address them.

Lee knowingly and voluntarily waived his right to appeal his sentence absent an upward departure as part of his plea agreement.  <u>See</u> <u>United States v. Melancon</u>, 972 F.2d 566, 568 (5th Cir. 1992); <u>see</u> <u>United States v. Portillo</u>, 18 F.3d 290, 292-93 (5th Cir. 1994). Lee waived

the right to appeal the sentencing issues asserted in his appellate

brief.

This court has determined that § 841 is a valid exercises of Congress' commerce power and that a conviction under this section does not require proof of a specific nexus with interstate commerce.  United States v. Owens, 996 F.2d 59, 61 (5th Cir. 1993); see also United States v. Lopez, 2 F.3d 1342, 1367 n.50 (5th Cir. 1993), aff'd, 514 U.S. 549 (1995) (reaffirming that all drug trafficking, intrastate as well as interstate, is subject to regulation under the Commerce Clause).

**AFFIRMED.**